UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GLANZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, a California Corporation, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv101-AJB-MDD<br><br>**ORDER ON DEFENDANT'S MOTION FOR STATUS CONFERENCE OR IN THE ALTERNATIVE, A PROTECTIVE ORDER FOR THE RETURN OF DEFENDANT'S DOCUMENTS**<br><br>**[ECF NO. 11]** |

Before the Court is Defendant Allstate Insurance Company's Ex Parte Application for a Status Conference or in the alternative, a Protective Order for the Return of Defendant's Documents, filed on April 24, 2017. (ECF No. 11). On April 25, 2017, this Court entered a Minute Order directing Plaintiff to file a response and directing Defendant to file a reply. (ECF No. 12). On May 9, 2017, Plaintiff filed his opposition. (ECF No. 15). Defendant replied on May 15, 2017. (ECF No. 16). For the reasons set forth below, Defendant's motion is **DENIED without prejudice**.

1

1  This case arises from an employment dispute between Defendant
2  Allstate and Plaintiff Todd Glanz, who was formerly employed by Defendant
3  as a staff attorney. In that capacity, Plaintiff represented Defendant's
4  insureds in claims-related litigation.

5  In its motion, Defendant claims that during Plaintiff's tenure at
6  Allstate, he accumulated "highly-confidential, client sensitive documents"
7  and that he sent emails to his personal email address containing "numerous,
8  confidential, privileged documents belonging to Allstate and/or its clients."
9  (ECF No. 11 at 2-3). Defendant requests that this Court order Plaintiff to
10 return these documents immediately. Defendant requests that this Court
11 enter the proposed protective order, attached as an exhibit to its motion, as a
12 court order. The proposed protective order contains routine language to
13 facilitate the exchange of confidential and privileged documents during
14 discovery. It also includes a provision requiring Plaintiff to return the
15 documents. Further, it includes language permitting the parties to move for
16 an order pursuant to FED. R. EVID. 502(d).

17 In his opposition, Plaintiff urges the Court to delay ruling on the matter
18 until he has obtained counsel and disagrees with Defendant's
19 characterization of the law and facts. Plaintiff argues that, as an attorney for
20 the clients, he has an interest equal to Defendant's interest in maintaining
21 the confidentiality of the client documents that he accumulated with
22 Defendant's permission while working from home for Defendant. Plaintiff
23 does not object to entry of a protective order that is more in line with the
24 protective order example found in the Local Rules once he retains counsel,
25 though Plaintiff asserts that the protective order is not necessary yet.

26 Defendant notes that the parties and Judge Dembin agreed at the ENE
27 and CMC that the parties could bring the issue of the return of documents

before this Court "as a joint motion for protective order." (ECF No. 11 at 2:19). After those discussions, however, Plaintiff's counsel declined to review Defendant's proposed joint protective order and motion because he was in the process of withdrawing. In accordance with Chambers Rule IV.D., Defendant filed this motion on an ex parte basis rather than jointly, because Plaintiff's counsel was withdrawing and because Defendant views this issue as urgent. After Defendant filed this motion, District Judge Battaglia granted Plaintiff's counsel's motion to withdraw on May 5, 2017. (ECF No. 14). Plaintiff is currently proceeding pro se.

Following the discussion at the Case Management Conference immediately following the Early Neutral Evaluation, the Court expected the parties to reach agreement regarding return of the contested documents and a protective order regarding those and other confidential documents to be produced in the ordinary course of discovery. As noted above, the posture of the case has changed and agreement cannot be expected at this time. Although the Court can consider a contested motion for a protective order, it appears premature at this juncture. A contested motion for return of documents, however, is not a discovery motion and is more akin to a request for an injunction. That motion must be presented to the district judge. Consequently, Defendant's motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: June 6, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

3